IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES GRIFFIN, JR.                                            PLAINTIFF

V.                              Civil No. 5:16-cv-05274

MATT DURRETT and SETH
CREED (Washington County
Prosecuting Attorneys)                                   DEFENDANT

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, James Griffin, Jr., under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is currently incarcerated in the Washington County Jail.

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff has been incarcerated in first the juvenile detention center, and then the county jail since his arrest on July 6, 2013. (Doc. 1, p. 4). Plaintiff alleges he is being kept in jail without a conviction and is therefore being falsely imprisoned. (Doc. 1, p. 5).

On December 2, 2016, the Court entered an order directing Plaintiff to complete an addendum to provide additional details on is claim. In the addendum, Plaintiff stated he was suing Defendant Creed for postponing court dates (including a trial date), prosecuting

the same case for more than a year, failing to provide an acceptable plea bargain, and failing to get a conviction on any pending charge. He alleges he is suing Defendant Durrett, as the head of the prosecuting attorney's office, for not enforcing the rules and his rights. Plaintiff further states that he was found to be "mentally incapable," a menace to the public,[1] and is held on a $125,000 bond. (Doc, 7, p. 1). He further states his bond hearing was denied due to his history of being placed in mental institutions from the time he was seven years of age.

As relief, Plaintiff asks for unspecified compensatory and punitive damages. (Doc. 1, p. 5) In his addendum, Plaintiff states he "want[s] out." (Doc. 1, p. 2).

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims against both Matt Durrett and Seth Creed are subject to dismissal. Prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor

---

[1] The statement "just a minnest to the populace" is interpreted as above.

from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case," *id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

No cognizable claim is stated against either Defendant.

In his Addendum, Plaintiff asked to be released from incarceration. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous and/or asserted against an individual immune from suit. The case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** this 17th day of February, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE